[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISQUALIFY COUNSEL
By complaint dated March 12, 1999, the plaintiffs allege that the defendant breached a contract the parties entered into for the construction of a single family house. The closing on the home occurred on April 15, 1993, at which time the parties signed a release of liability, which is at issue in this case. On March 20, 2002, new counsel appeared for the defendant, who then moved this court to disqualify plaintiffs' counsel. The defendant states that a member of the firm representing the Calabreses in this contract case, Attorney Cicchetti, was counsel for the plaintiffs at the closing on April 15, 1993. According to the defendant, Attorney Cicchetti is a potential trial witness whose testimony could be prejudicial to the defense. The defendant argues that Attorney Cicchetti's firm, including Attorney McGrath, who currently represents the plaintiffs, should therefore be disqualified. The trial is scheduled to begin on April 24, 2002.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys . . . [T]he trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an CT Page 4876 attorney." Bergeron v. Mackler, 225 Conn. 391, 397, 623 A.2d 489 (1993). "Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel, . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations. . . ." Id. at 397-398. The party moving to disqualify counsel bears the burden of proof that there are grounds for disqualification. Connecticut National Bank v. Rytman, No. X01-CV 87-0159941, 2001 Ct. Sup. 6976 (May 25, 2001, Hodgson, J.)
Rule 3.7(b) of the Rules of Professional Conduct allows an attorney to act as an advocate in a trial in which another lawyer in the firm is likely to be called as a witness, "unless precluded from doing so by Rule 1.7 or 1.9." Neither Rule 1.7 or 1.9, however, applies to this case. Accordingly, Attorney McGrath's representation does not contravene the Rules of Professional Conduct. Moreover, the defendant has not demonstrated exactly how or to what extent it would be prejudiced by the testimony of Attorney Cicchetti. The plaintiffs, who have been represented by this firm for many years, will certainly be prejudiced if ordered to obtain new counsel on the eve of trial. For the above reasons, the defendant's Motion to Disqualify is denied.
____________________, J. WOLVEN